IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIGEL PARMS,<br>        Plaintiff | ) | C.A. 14-84 Erie |
| v. | ) | |
| PENNSYLVANIA DEPARTMENT<br>OF CORRECTIONS,<br>        Defendant. | ) | Magistrate Judge Baxter |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

Plaintiff Nigel Parms, an adult individual formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), brings this action against Defendant Pennsylvania Department of Corrections ("DOC"), pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 ("ADA"), and the Rehabilitation Act of 1973, 29 USC § 794 ("Rehab Act").

Plaintiff is hearing impaired and unable to effectively communicate except through American Sign Language ("ASL"). (ECF No. 1, Complaint, at p. 1). Plaintiff claims that he was subjected to "persistent discrimination on the basis of his disability" while he was incarcerated at SCI-Albion. (Id.). In particular, Plaintiff alleges that he was repeatedly sanctioned for failing to obey verbal orders and failing to stand for count, which resulted in extensive confinement in SCI-Albion's Restricted Housing Unit ("RHU"). In addition, Plaintiff alleges that he was excluded

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF

from numerous services as a result of his disability, including meals, religious services, and medical treatment. As a result, Plaintiff claims that Defendant violated his rights under Titles II and III of the ADA, and Section 504 of the Rehab Act. As relief for his claims, Plaintiff seeks declaratory judgment and compensatory damages.

On June 5, 2014, Defendant filed a partial motion for judgment on the pleadings [ECF No. 9], asserting that Plaintiff has failed to state a claim upon which relief may be granted under Title III of the ADA, and arguing that all of Plaintiff's allegations pertaining to the misconducts and discipline he received at SCI-Albion must be dismissed because disciplinary procedures are not programs or services governed by Title II the ADA. Plaintiff has filed a brief in opposition to Defendant's motion [ECF No. 11] voluntarily withdrawing his claim under Title III of the ADA, but contesting Defendant's motion in all other respects. Defendant subsequently filed a reply brief in response to Plaintiff's opposition. [ECF No. 12]. This matter is now ripe for consideration.

### B. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), like a motion to dismiss filed pursuant to Rule 12(b)(6), must be viewed in the light most favorable to the plaintiff, and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6)

---

Nos. 6, 7).

standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to

3

> state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

## II. DISCUSSION[2]

Title II of the ADA provides, in relevant part,

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services or activities of a public entity *or* be subjected to discrimination by such entity."

42 U.S.C. § 12132 (emphasis added). The Act's definition of the term "public entity" has been held to include state prisons. Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998), citing 42 U.S.C. § 12131(1) (B).

Defendant does not question Plaintiff's disability, nor does it seek to dismiss Plaintiff's Title II claim in its entirety. Rather, Defendant seeks to dismiss Plaintiff's specific allegations regarding the misconducts and discipline he received at SCI-Albion, contending that such disciplinary actions do not pertain to a service, program or activity. This contention is based upon

---

2
Both parties agree that the substantive standards for determining liability under the ADA and the Rehab Act are identical and are subject to the same analysis by the courts. McDonald v Pennsylvania, 62 F.3d 92, 95 (3d Cir. 1995); Sherer v. Pennsylvania Dept. of Corr., 2007 WL 4111412, at *8 (W.D.Pa. 2007) (citation omitted). Thus, only the ADA claim will be addressed here, with the understanding that the same analysis holds true for the Rehab Act claim.

Defendant's understanding that, "in order to state a *prima facie* case under Title II of the ADA, a disabled plaintiff must be denied a service, program, or activity." (ECF No. 10, Defendant's Brief, at p. 4). However, this understanding is incorrect because it overlooks the disjunctive in the statutory language that alternatively provides "no qualified individual with a disability shall, by reason of such disability … be subjected to discrimination by any such entity." According to this language, Title II of the ADA also "proscribes *discrimination* on the basis of disability without requiring exclusion [from the benefits of an activity, program or service] *per se*." Chisholm v. McManimon, 275 F.3d 315, 330-31 (3d Cir. 2001) (emphasis in original); see also Bledsoe v. Palm Beach Cnty Soil & Water Conservation Dist., 133 F.3d 816, 821-22 (11th Cir. 1998) (finding that the discrimination prohibition of Title II's final clause "is not tied directly to the services, programs or activities of the public entity"); Innovative Health Sys., Inc. v. City of White Plains, 117 F.3d 37, 44-45 (2d Cir. 1997) (finding that "the language of Title II's anti-discrimination provision does not limit the ADA's coverage to conduct that occurs in the 'programs, services, or activities'" of the public entity).

Here, Plaintiff alleges, among other things, that he was repeatedly issued misconducts and received disciplinary confinement for failing to obey orders he could not hear or comprehend, because no reasonable accommodations for his disability were provided by Defendant. In particular, Plaintiff alleges that he was housed on F block at SCI-Albion, where inmates were alerted of the time for meals and count by audible means only, such as a bell or loudspeaker, while other housing blocks at SCI-Albion have flashing lights accompanying the bell and/or moving message boards that announce movement times. (ECF No. 1, Complaint, at ¶¶ 22-24).

12

Because Plaintiff was unable to hear the audible announcements, he often failed to move for meals or stand for count on time, which resulted in disciplinary sanctions. Thus, Plaintiff asserts that he was essentially "punished for his deafness." (ECF No. 11, Plaintiff's Response, at p. 11). This claim falls within the ambit of Title II's general prohibition against discrimination on account of one's disability, to which Plaintiff's allegations regarding the misconducts and discipline he received as a result of his failure to respond to verbal orders are particularly relevant. Thus, Defendant's motion to dismiss such allegations will be denied.[3]

    An appropriate Order follows.

---

[3] Because Plaintiff's allegations have been found relevant in relation to Plaintiff's general discrimination claim under Title II of the ADA, there is no need to address at this time Defendant's argument that prison discipline is not a service, program or activity under Title II.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIGEL PARMS, )
      Plaintiff )    C.A. No. 14-84 Erie
)
v. )
)    Magistrate Judge Baxter
PENNSYLVANIA DEPARTMENT )
OF CORRECTIONS, )
      Defendant. )

# **ORDER**

AND NOW, this 25th day of March, 2015,

IT IS HEREBY ORDERED that Defendant's partial motion for judgment on the pleadings [ECF No. 9] is granted in part and denied in part as follows:

1. Defendant's motion is GRANTED with regard to Plaintiff's claim under Title III of the ADA, and such claim is hereby DISMISSED;

2. Defendants' motion is DENIED in all other respects.

                        /s/ Susan Paradise Baxter
                        SUSAN PARADISE BAXTER
                        United States Magistrate Judge